UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**UNITED STATES OF AMERICA,**

*Plaintiff,*

v.  Case No. SA-21-CR-00432-JKP

**(1) ANTHONY ARREDONDO,**

*Defendant.*

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Anthony Arredondo's Motion to Dismiss the Indictment and Amended Motion to Suppress. *See* ECF Nos. 57, 58. The Government did not respond to the Motion to Dismiss; however, the Government filed a response to the Motion to Suppress (ECF No. 61) and the Court held a hearing on the Motion to Suppress on July 12 and 13, 2023. After the hearing, Arrendondo filed a post-hearing brief in support of his motion and the Government requested a transcript of the hearing. *See* ECF Nos. 73, 74. Once the transcript was filed, the Court set deadlines for the parties to file any additional briefings, which both parties did. *See* ECF Nos. 80, 81. Both motions are now ripe for ruling. After due consideration of the parties' briefings, oral argument, expert testimony, and the applicable law, the Court **DENIES** Arredondo's Motion to Dismiss the Indictment and **DENIES** his Amended Motion to Suppress. *See* ECF Nos. 57, 58.

### BACKGROUND

On December 31, 2021, Anthony Arredondo was driving in his neighborhood to celebrate New Year's Eve with his family when Officer Warren and Officer Azua stopped him because his

license plate light was out. Both officers say, as they approached, they smelled burnt marijuana emanating from the car. Officer Warren approached the driver's side and immediately asked Arredondo to step out of the car. Arredondo complied and followed Officer Warren towards the back of the car, where Officer Warren showed Arredondo his license plate light was out, explaining the light was the reason for the stop. Arredondo acknowledged the light was out. Officer Warren then asked Arredondo if he had any "smoke" on him and Arredondo handed Officer Warren a baggy saying if he had anything it was in the bag. Officer Warren says the bag contained trace amounts of marijuana leaves. Officer Warren returned the bag to Arredondo and then placed Arredondo in the backseat of his police cruiser. In the meantime, Officer Azua questioned the other adult passenger, asking her to step outside the vehicle. Officer Azua asked the passenger if there was anything in the car other than marijuana and she said no. When asked if she had any marijuana on her, the passenger handed the officer an envelope with trace amounts of marijuana. Officer Azua then searched the car and found a Springfield handgun under the front passenger seat.

Arredondo, who is a convicted felon, told one of the officers he had the firearm for protection. On October 6, 2021, a grand jury returned an indictment charging Arredondo with knowingly possessing a firearm after conviction of a crime punishable by more than one year in prison, in violation of 18 U.S.C. § 922(g)(1). *See* ECF No. 3. In the instant motions, Arredondo challenges the constitutionality of § 922(g)(1) and the constitutionality of the traffic stop and search that led to his arrest. *See* ECF Nos. 57, 58. For the reasons discussed below, the Court denies both motions.

## DISCUSSION

### I. Motion to Dismiss the Indictment

Arredondo argues the indictment should be dismissed because the statute under which he was charged, 18 U.S.C. § 922(g)(1), is unconstitutional both facially and as applied to him under the analytical framework established by the Supreme Court in *New York Riftle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). Arredondo separately argues the Court should dismiss the indictment because § 922(g)(1) unconstitutionally extends federal control to the non-commercial possession of firearms.

Federal Rule of Criminal Procedure 12 provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(1). If a pretrial motion presents a question of law in a case involving undisputed facts, Rule 12 authorizes the court to rule on the motion. *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005); *see* Fed. R. Crim. P. 12(d) (permitting the court to rule on a motion involving factual issues provided the court states its essential findings on the record); *see also, United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) ("a pretrial dismissal is essentially a determination that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt."). Otherwise, the court would waste resources by allowing a case to proceed to trial and later dismissing it based on the same legal argument and facts presented through a pretrial motion. *See Flores*, 404 F.3d at 325.

For the reasons described in the Court's Memorandum Opinion and Order in *United States v. Grinage*, the Court denies Arredondo's *Bruen* challenge to § 922(g)(1). *See United States v. Grinage*, 2022 WL 17420390, No. 5:21-CR-003399-JKP, (W.D. Tex. Dec. 5, 2022). The Court's *Grinage* decision is consistent with the findings of the overwhelming majority of district courts considering *Bruen* challenges to § 922(g)(1). Though the Fifth Circuit has yet to rule on a post-*Bruen* § 922(g)(1) challenge, the Fifth Circuit in *United States v. Rahimi*

distinguishes the statute it found unconstitutional, § 922(g)(8), from § 922(g)(1), suggesting § 922(g)(1)'s prohibition on felons possessing firearms is the type of "longstanding" prohibition that passes constitutional muster under *Bruen*. *See* 61 F.4th 443, 452 (5th Cir. 2023) ("Rahimi was not a convicted felon or otherwise subject to another 'longstanding prohibition[] on the possession of firearms' that would have excluded him."). Furthermore, the Government appealed the *Rahimi* decision to the U.S. Supreme Court and the Supreme Court granted *certiorari* to hear the case this term. Given the lack of binding authority finding §922(g)(1) unconstitutional under *Bruen*, and this Court's denial of a *Bruen* challenge to § 922(g)(1) in *Grinage*, the Court finds denial of Arredondo's *Bruen* challenge is proper. The Court further finds Arredondo's Commerce Clause challenge to § 922(g)(1) is foreclosed by Fifth Circuit precedent.[1] *See United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001). Arredondo's Motion to Dismiss the Indictment is, therefore, denied. *See* ECF No. 57.

## II. Motion to Suppress

Arredondo argues evidence of the Springfield handgun officers found under the front passenger seat of the car should be suppressed because officers unconstitutionally seized Arredondo and searched the car. The Fourth Amendment guarantees individuals the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *United State v. Macias*, 658 F.3d 509, 517 (5th Cir. 2011) (*quoting* U.S. Const. amend. IV). Stopping a vehicle, even for a brief time, constitutes a seizure under the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809–10 (1996) (collecting cases); *Macias*, 658 F.3d at 517. "An automobile stop is thus subject to the constitutional imperative that it not be

---

[1] Arredondo acknowledges this Court is bound by Fifth Circuit precedent rejecting his Commerce Clause challenge to § 922(g)(1) but says he raises the issue to preserve it for further review. Arredondo attempts to raise a separate "as applied" Commerce Clause challenge to § 922(g)(1); however, the Court finds his "as applied" challenge is not viable because he simply repackages the foreclosed legal arguments in his facial challenge as an "as applied" challenge.

'unreasonable' under the circumstances." *Id*. The Government bears the burden of proving, by a preponderance of the evidence, the search or seizure was constitutional. *United States v. Guerrero-Barajas*, 240 F.3d 428, 432 (5th Cir. 2001).

The United States Supreme Court has held that, for an investigative stop to be lawful, officers must have "reasonable suspicion that criminal activity may be afoot." *United States v. Basey*, 816 F.2d 980, 988 (5th Cir. 1987) (*citing Terry v. Ohio*, 392 U.S. 1 (1968)). The reasonable suspicion standard is "less demanding" than probable cause and "requires a showing considerably less than preponderance of the evidence," but one must show "at least a minimal level of objective justification for making the stop." *United States v. Ramirez*, No. EP-18-CR-01661-DCG, 2019 WL 96589, at *3 (W.D. Tex. Jan. 3, 2019) (*citing United States v. Jordan*, 232 F.3d 447, 448 (5th Cir. 2000)). Courts have recognized a traffic violation is an objectively reasonable basis on which to conduct a traffic stop. *United States v. Trevino*, No. SA-21-CR-115-JKP, 2022 WL 2441853, at *2 (W.D. Tex. July 5, 2022) (*citing United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). During such traffic stops, officers are permitted to detain individuals temporarily for instance, to "verify a violation of the traffic law has occurred or is occurring; and … to issue the appropriate ticket or citation charging the traffic violation or make an arrest of the driver based upon the violation." *United States v. Magana*, 544 F. Supp. 2d 560, 565 (W.D. Tex. 2008).

Generally, the "detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop…" *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005) (*citing United States v. Brigham*, 382 F.3d 500, 507 (5th Cir.2004) (en banc)). A recognized exception to this rule applies when officers obtain additional reasonable suspicion during the stop, but before the initial purpose of the stop has been fulfilled, in which case officers

5

may continue the detention until the new reasonable suspicion has been dispelled or confirmed. *United States v. Lopez-Moreno*, 420 F.3d 420, 431 (5th Cir. 2005). Under the so-called automobile exception, warrantless searches of automobiles are permitted by the Fourth Amendment if the officers have probable cause to believe that the vehicle contains contraband or other evidence of a crime. *United States v. McSween*, 53 F.3d 684, 686 (5th Cir. 1995); *see also United States v. Ross*, 456 U.S. 798, 809–10 (1982); *see also United States v. Moreno Colin*, No. SA-19-CR-526(3)-XR, 2019 WL 5579546, at *2 (W.D. Tex. Oct. 29, 2019). Courts have routinely held that an officer smelling the odor of marijuana emanating from a vehicle provides ample probable cause to conduct a warrantless search of the vehicle. *Bazan v. Whitfield*, 754 F. App'x 280, 281 (5th Cir. 2019); *see also, e.g., United States v. Reed*, 882 F.2d 147, 149 (5th Cir. 1989).

In this case, Officer Warren and Officer Azua argue they were justified in stopping Arredondo because of a traffic violation, his license plate light was out. The officers further maintain they were justified in expanding the seizure and searching Arredondo's car because they smelled burnt marijuana immediately upon approaching the car. They say they developed further reason to believe evidence of a crime was in the car when Arredondo, after being asked if he had any "smoke" on him, handed Officer Warren a baggy with the remnants of marijuana. Furthermore, the vehicle's passenger, when asked if she had any marijuana, produced an envelope with trace amounts of marijuana. Arredondo argues the officers lacked probable cause to believe there was evidence of a crime in the vehicle because they could not have possibly smelled the trace amounts of marijuana Arredondo and his passenger possessed. This ignores the possibility, however, that the officers smelled burnt marijuana and the trace amounts of marijuana the passengers possessed were the remnants of marijuana they already smoked.

Indeed, in a motion hearing before the Court, both Officer Warren and Officer Azua testified they smelled burnt marijuana immediately upon approaching the vehicle. If credible, their testimony is sufficient to establish probable cause to extend the seizure and search the car. The question before the Court, therefore, is whether the officers' testimony is credible. Upon viewing video evidence of the stop, the Court noted the officers were wearing face masks because of COVID restrictions and asked whether the masks impaired their ability to smell marijuana. Officer Azua testified he was able to smell marijuana while wearing a mask. Officer Azua initially said he was wearing a thin, gaiter covering the day of the stop; however, upon review of the video evidence, it is apparent he was wearing a heavier surgical-style mask. Arredondo suggests this discrepancy undermines Officer Azua's credibility; however, as the Government notes, after viewing the video evidence Officer Azua acknowledged he forgot which type of mask he was wearing that day, which is reasonable given he was testifying two and a half years after the encounter. The video evidence further shows Officer Azua wore the mask below his nose at various points in the encounter, which could explain how he was able to smell marijuana in spite of wearing a heavier surgical-style mask. The Court, therefore, finds Officer Azua's testimony that he smelled burnt marijuana emanating from the car to be credible.

Arredondo further suggests Officer Warren's testimony lacked credibility because of inconsistencies with Officer Azua's testimony. Specifically, when defense counsel asked why Officer Warren did not say anything about smelling marijuana after pulling Arredondo over, Officer Warren said he did not want to tip Arredondo off to his suspicion. Officer Warren further testified he and Officer Azua gave each other a "look" signifying they smelled marijuana. Arredondo says Officer Warren's testimony as to the "look" the two men shared lacks credibility because, when questioned by defense counsel, Officer Azua testified the two men had not

worked together long and did not have a "signal" for indicating they smelled marijuana. The Court finds Officer Azua's testimony does tend to undermine Officer Warren's testimony that the men shared a strategic "look" signifying they smelled marijuana. Even so, however, both officers consistently and unequivocally testified they smelled marijuana, so that fact is not undermined by the discrepancy. Furthermore, their testimony is bolstered by the fact that both Arredondo and his passenger freely admitted to possessing trace amounts of marijuana early in the encounter, suggesting they knew the officers could smell it. These facts could also explain why Officer Warren failed to mention the marijuana smell when he first pulled Arredondo over. The smell may have been so strong no one felt the need to acknowledge it.

Arredondo offered expert testimony from Professor Richard Doty that, given the small amount of marijuana found on the scene and the other smells in the car and surrounding environment (baby wipes, snacks, nearby fireworks, etc.), the officers were unlikely to be able to smell marijuana when they approached the car. The Government notes Professor Doty's research in this area is limited to a single 2004 study involving fresh marijuana and only 9 subjects. Furthermore, Professor Doty was not present on the scene, nor did he conduct any examinations of the scene or the vehicle at issue in this case. Given Professor Doty's lack of personal knowledge in this case, and the limited information upon which he formed his opinions, the Court finds Professor Doty's testimony to be insufficient to undermine the credibility of the officers' testimony based on their firsthand knowledge.

Both parties agree the decision to suppress evidence in this case turns on whether the Court finds credible the officers' testimony that they smelled burnt marijuana upon approaching Arredondo's car. Because the Court finds the officers' testimony to be credible, Arredondo's Motion to Suppress is denied. *See* ECF No. 58.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Arredondo's Motion to Dismiss the Indictment and **DENIES** Arredondo's Amended Motion to Suppress. *See* ECF Nos. 57, 58.

It is so ORDERED.
SIGNED this 20th day of October, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE